### RUFUS B. CLOUD v. THE TOWN OF NORWICH.

*Overpayment of Highway Taxes. Highway Surveyor.*
R. L. ss. 3060–1.

1. When one has overpaid his highway tax the only remedy he has, is afforded him by statute—R. L. s. 3060,—viz.: to have a credit for the succeeding tax, until demand and refusal of such application, or, until he has ceased to be a highway tax-payer in the town.
2. HIGHWAY SURVEYOR. Under the statute,—R. L. s. 3061,—a highway surveyor cannot recover for an over-expenditure of the tax committed to him, although the selectmen had allowed him the greater part of it.

BOOK ACCOUNT to recover overpayment of taxes. Heard on an auditor's report, May Term, 1884, TAFT, J., presiding. Judgment for the defendant.

*French & Southgate,* for the plaintiffs, cited R. L. ss. 3060, 3076; *Austin* v. *Berry,* 3 Vt. 58. No demand was necessary. *Bishop* v. *Brown,* 51 Vt. 330; *Stoddard* v. *Chapin,* 15 Vt. 443; *Brainerd* v. *Champlain Tr. Co.* 29 Vt. 154.

*Samuel E. Pingree,* for the defendant, cited R. L. ss. 3060–1; *McLaughlin* v. *Hill,* 6 Vt. 20; *Warren* v. *Newfane,* 25 Vt. 250; *Stevens* v. *Damon,* 29 Vt. 521.

The opinion of the court was delivered by

Ross. J. From the facts reported by the auditor, it appears that the plaintiff in 1882 overpaid by mistake his highway tax. On discovery of the error, the selectmen directed the highway surveyor of his district to credit the plaintiff the amount of the mistake on his highway tax for the year 1883. This was not done, by an omission, and the plaintiff paid his whole tax for that year. He did not request the highway surveyor to allow the same in the payment of the tax for the year 1883. Hence he overpaid his tax for the year 1883 to the same amount. The plaintiff, before suit, had never demanded the repayment of this sum in money, or its allowance on succeeding highway taxes. It also appears, that, by mistake of the listers in 1881, the plaintiff's grand list was too large. The selectmen made the proper correction of his taxes, except of the highway tax. The excess of this tax has never been corrected or repaid. It does not appear that the plaintiff has ever called upon the officers of the town to correct it, by abatement, repayment, or allowance on future highway taxes. The consideration of this claim most favorable to the plaintiff, would treat it as an overpayment of his highway tax for the year 1881.

By section 3060, R. L., it is provided: "When persons in a district have overpaid their taxes in labor or otherwise, the balance shall be credited on their taxes for the succeeding year." By this provision the plaintiff is furnished a full and ample remedy for these two items of overpayment.

29

We think he is entitled to no other remedy, until he shall have demanded such application and been refused, or until he has ceased to be a highway tax-payer in the town, and so rendered such application impossible. On the facts reported neither of these contingencies has happened. Under those circumstances, we do not think that the plaintiff is entitled to charge or recover for these items in the action of book account. The statute was evidently enacted to enable the tax-payers of a highway district, when a sudden emergency arises demanding an immediate repair of the highways of the district, to anticipate the assessment and payment of their highway taxes by making the necessary repairs. They, generally, are most interested in and benefited by having such repairs speedily made. Besides, as a rule, a party is not entitled to maintain a suit for an overpayment of money by mistake, until he has brought knowledge of the overpayment to the party receiving it in such a manner that it has become the duty of such other party to repay the same, and he has had a reasonable time to make the repayment. The County Court, therefore, correctly adjudged that the plaintiff was not entitled to recover for these two items.

The only other item is for an over-expenditure by the plaintiff, as highway surveyor, of the tax committed to him. By section 3061, R. L., the town was under no legal liability to repay the plaintiff for such over-expenditure. The selectmen generously allowed him for the greater part of this on his succeeding highway taxes. Such allowance did not create any obligation on the part of the town to pay the balance. It would be incorporating a new and dangerous principle into the administration of the law, to hold that a party who generously offered to pay, or pays, a portion of a claim, which he is under no legal obligation to pay, thereby validates and makes legal the balance of the claim. Without considering the other grounds of defence urged against this item, on these views, the County Court prop-

erly denied the plaintiff's right to recover it. This disposes of all the conditional allowances made by the auditor in favor of the plaintiff.

Judgment affirmed.